JUSTICE TRIEWEILER
specially concurring.
I concur with the result of the majority’s opinion. However, I do not agree with all that is said by the majority in that opinion.
Specifically, for the reasons stated in my dissent to State v. Mosley (1993), 260 Mont. 109, 860 P.2d 69, 1 would not mechanically follow the U.S. Supreme Court’s decision in Franks v. Delaware (1978), 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667.
In the determination of what information should be excised from an application for a search warrant before considering whether there was probable cause to issue the search warrant, I would excise all false information. I fail to see why a search is reasonable when based totally on misrepresentations simply because the person whose privacy has been invaded cannot prove a dishonest intent by the person who sought the warrant. As stated by Judge Frankel in United States v. Halsey (S.D.N.Y. 1966), 257 F. Supp. 1002, 1005, affd, Docket No. 31369 (CA2, June 12, 1967) (unreported), and quoted with approval in Franks:
[Wlhen the Fourth Amendment demands a factual showing sufficient to comprise ‘probable cause,’ the obvious assumption is that there will be a truthful showing.
Franks, 438 U.S. at 164-65, 98 S.Ct. at 2681 (alteration in original). The Court went on to state that
*117 [t]his does not mean “truthful” in the sense that every fact recited in the warrant affidavit is necessarily correct, for probable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant’s own knowledge that sometimes must be garnered hastily. But surely it is to be “truthful” in the sense that the information put forward is believed or appropriately accepted by the affiant as true.
Franks, 438 U.S. at 165, 98 S. Ct. at 2681.
Based on Montanans’ independent state right to be free from unreasonable searches and seizures provided for in Article II, Section 11, of the Montana Constitution, I would adopt the following variation of the rule established in Franks for challenging the veracity of a sworn statement used by police to secure a search warrant: When a defendant makes a substantial preliminary showing that false information was included in the application or affidavit offered in support of a search warrant, a hearing must be held at the defendant’s request. At that hearing, the defendant bears the burden of proving by a preponderance of the evidence that the information offered is untrue. The untruthful information must be excised from the application, and a determination must be made whether there is sufficient probable cause without the excised information. If not, the search warrant must be voided and the fruits of the search excluded.
I agree with the Franks decision, and with this Court’s decision in Mosley, that to mandate an evidentiary hearing, the challenger’s attack must be based on more than conclusory statements made by counsel, but instead must take the form of an affidavit or some other reliable form of proof.
I also agree with this Court’s conclusion in State v. Sykes (1983), 194 Mont. 14, 20, 663 P.2d 691, 695, that:
Where the affidavits contain factual inaccuracies that do not go to the integrity of the affidavit because they are of only peripheral relevance to the showing of probable cause, the search warrant remains valid.
I concur with the majority’s decision to affirm the District Court for two reasons. First, defendant’s attack on the State’s search warrant in this case was not supported by affidavits or other reliable information, but merely by counsel’s conclusory statements. Second, even if all the statements and the application were excised, except the statement that the State’s informant had seen a plastic bag of marijuana being stored in a lamp stand in the living room, there was still sufficient probable cause to issue the search warrant. Defendant *118 disputes that the plastic bag of marijuana was stored in a lamp stand. She contends it was actually stored in an end table. However, to the extent that the distinction between a lamp stand and an end table is a factual inaccuracy, it did not go to the integrity of the affidavit and was of peripheral relevance to the showing of probable cause.
Therefore, while I decline to follow lock-step with the U.S. Supreme Court’s erosion of Fourth Amendment rights in Franks, I concur with the majority’s decision to affirm the District Court.